**SIGNED THIS: April 22, 2009**

_____
**THOMAS L. PERKINS
UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JANICE ELAINE LIESCHEIDT, | ) | No. 08-83061 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| AMBASSADORS TRAVEL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 09-8014 |
| | ) | |
| JANICE ELAINE LIESCHEIDT, | ) | |
| | ) | |
| Defendant. | ) | |

**O P I N I O N**

This matter is before the Court on the Motion of the Defendant, Janice E. Liescheidt (DEBTOR), to dismiss the Complaint filed by the Plaintiff, Ambassadors Travel Services, Inc. (AMBASSADORS), because it was filed too late.

The DEBTOR filed her Chapter 13 petition on November 10, 2008, and the meeting of creditors was scheduled for December 11, 2008. Notice of the meeting and other

deadlines was sent to all creditors by the Clerk of the Bankruptcy Court. The Notice identifies the deadline to file a complaint to determine dischargeability of certain debts as February 9, 2009. AMBASSADORS does not dispute that February 9, 2009, is the date 60 days after the first date set for the meeting of creditors, and that the deadline is computed correctly under Rule 4007(c).[1]

AMBASSABORS filed its adversary complaint on February 11, 2009, alleging that during the course of the DEBTOR'S employment for AMBASSADORS, she embezzled $97,618.26. Attached to AMBASSADORS' proof of claim is a copy of its complaint against the DEBTOR filed in state court in 2006, alleging causes of action for unjust enrichment, conversion and fraudulent concealment.[2] Alleging that the state case was scheduled for trial on November 13 and 14, 2008, which was stayed by the bankruptcy filing, the adversary complaint seeks a determination that the debt is not dischargeable under, alternatively, Sections 523(a)(2), (a)(4) and (a)(6).

In a generic motion that cites no statute or rule, the DEBTOR requests dismissal of the complaint as untimely. In its Response and Memorandum, AMBASSADORS makes four distinct arguments why the Motion should be denied:

1.   The Motion fails to identify a basis for dismissal under Rule 7012, so the untimeliness should be deemed waived.

2.   The deadline for filing complaints under Sections 523(a)(2), (a)(4) and (a)(6) is not jurisdictional, so any untimeliness is not a jurisdictional bar.

3.   A deadline for filing a complaint under Section 523(a)(6) has not been established by Notice or Order, so the claim under that section is timely.

---

[1] Unless otherwise noted, a reference to "Rule" means to the Federal Rules of Bankruptcy Procedure.

[2] The DEBTOR scheduled the debt to AMBASSADORS on Schedule F in the amount of $97,618. The debt is not scheduled as disputed, contingent or unliquidated.

2

    4.    If the claim under Section 523(a)(6) is timely, since the alternative claims under Section 523(a)(2) and (a)(4) are based on the same facts, they should remain pending to be considered with the Section 523(a)(6) claim.

The discussion should begin with a brief review of the Supreme Court's decision in *Kontrick v. Ryan,* 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), holding that a debtor forfeits the benefit of the time limit for a creditor to file an objection to discharge, if the debtor fails to assert the limitation before the merits of the objection are decided. The Court determined that the deadline set by rule is not jurisdictional in the sense that it may be forfeited by a debtor's failure to raise it. The Court characterized the time limit as an affirmative defense, 124 S.Ct. at 916, that may properly be raised in an answer or other responsive pleading, 124 S.Ct. at 917-18.[3]

The Court expressly refrained from addressing whether the time limit was subject to discretionary non-enforcement for reasons of equity. *Id.* at 916. The court below, the Seventh Circuit Court of Appeals, held that since the time limit is not jurisdictional, it is subject to certain equitable defenses such as waiver. *In re Kontrick,* 295 F.3d 724, 733-34 (7th Cir. 2002). *See also, In re Lopresti,* 397 B.R. 62 (Bank.N.D.Ill. 2008) (Rule 4007(c) deadline may be subject to equitable defenses of waiver, estoppel and equitable tolling, but not excusable neglect). AMBASSADORS raises no equitable defenses here.

AMBASSADORS makes the argument that the Motion is technically defective because it fails to identify the basis in the statute or rules for the relief requested. It is beyond question that a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is the proper vehicle by which to assert a limitations defense

---

[3] Although the issue before the Court concerned Rule 4004, which sets a deadline for objections to discharge under Section 727(a), because "essentially the same time prescriptions" apply to Section 523(a) complaints, the Court recognized the applicability of its decision to Rule 4007 as well. 124 S.Ct. at 911, n.3.

3

where the complaint shows affirmatively that the claim is time-barred. *Doe v. Linam,* 225 F.Supp.2d 731, 734 (S.D.Tex. 2002); *Hodges v. National Basketball Ass'n,* 1998 WL 26183 (N.D.Ill. 1998). Since it correctly addressed Rule 4007(c), AMBASSADORS' ability to respond does not appear to have been hampered by the DEBTOR'S failure to cite to the Rules. The merits of the timeliness issue are properly addressed notwithstanding the laxity of the DEBTOR'S motion.

AMBASSADORS correctly recognizes that the deadline established in Rule 4004 for a creditor to file a complaint objecting to discharge under Section 727(a) is not jurisdictional, as made clear by *Kontrick.* This Court agrees with AMBASSADORS that the Supreme Court's reasoning is equally applicable to the deadlines set in Rule 4007 for complaints to determine the dischargeability of a debt. So this is not a question of the Court's jurisdiction to hear a late-filed complaint.[4]

AMBASSADORS admits that its claims under Sections 523(a)(2) and (a)(4) are untimely under Rule 4007(c) and that enlargement of that time period may not now be obtained since not sought within the filing period.[5] *See* Rules 4007(c) and 9006(b)(3). *See also, Lopresti,* 397 B.R. at 66 (discussing the effect of those Rules). AMBASSADORS contends, however, that its Section 523(a)(6) claim is not untimely, relying upon the special notice provision for such claims in Rule 4007(d), which is an exception to the general provision of Rule 4007(c). Paragraphs (c) and (d) of Rule 4007 are as follows:

> *(c) Time for Filing Complaint Under § 523(c) in a Chapter 7 Liquidation, Chapter 11 Reorganization, Chapter 12 Family Farmer's Debt Adjustment*

---

[4]The DEBTOR does not allege a lack of jurisdiction.

[5]AMBASSADORS' Memorandum of Law filed on March 30, 2009, as Document No. 11, pp. 6-7, concedes that Rules 4007(c) and 9006(b)(3) are clear and that it is not raising any equitable exception.

4

*Case, or Chapter 13 Individual's Debt Adjustment Case; Notice of Time Fixed.* Except as otherwise provided in subdivision (d), a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

*(d) Time for Filing Complaint Under § 523(a)(6) in a Chapter 13 Individual's Debt Adjustment Case; Notice of Time Fixed.* On motion by a debtor for a discharge under § 1328(b), the court shall enter an order fixing the time to file a complaint to determine the dischargeability of any debt under § 523(a)(6) and shall give no less than 30 days' notice of the time fixed to all creditors in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

AMBASSADORS argues that since the special notice for Section 523(a)(6) complaints contemplated by Rule 4007(d) was not given, its claim under that Section cannot be untimely. A full understanding of Rules 4007(c) and (d) requires a review of Sections 1328(a) and (b).

Section 1328 outlines the conditions for and the effect of obtaining a discharge in a Chapter 13 case, and identifies two alternative kinds of discharge. Section 1328(a) defines what is often referred to as a "full compliance discharge." *See, e.g., In re Cisneros*, 994 F.2d 1462 (9th Cir. 1993). The right to the full compliance discharge is conditioned upon "completion by the debtor of all payments under the plan." 11 U.S.C. § 1328(a). Although a full compliance discharge is the broadest available to a Chapter 13 debtor, certain debts are excepted from the discharge, including any debt "of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a)." 11 U.S.C. § 1328(a)(2). So a debtor who earns a full compliance discharge by completing all

5

of her plan payments is discharged from debts arising from willful and malicious conduct, since paragraph (a)(6) of Section 523 is not a stated exception, but is not discharged from debts arising out of the conduct proscribed by Sections 523(a)(2) and (4), which are included among the stated exceptions.

Section 1328(b) provides what is known as a "hardship discharge." *See, e.g., Matter of Johnson,* 787 F.2d 1179, 1182 n.4 (7th Cir. 1986). A hardship discharge may be obtained by a Chapter 13 debtor who has failed to complete all plan payments where the failure is not the fault of the debtor, where unsecured creditors have been paid at least as much as they would have received in a Chapter 7 case, and where modification is not practicable. 11 U.S.C. § 1328(b)(1), (2) and (3). Narrower in scope than a full compliance discharge, a hardship discharge does not cover any of the debts specified in Section 523(a). 11 U.S.C. § 1328(c)(2). So a debtor who receives a full compliance discharge is discharged from a Section 523(a)(6) debt, while one who receives the more limited hardship discharge is not.

Whether a particular debt is of a kind specified in paragraph (2), (4) or (6) of Section 523(a) is an issue that the creditor has the burden to affirmatively raise, as stated in Section 523(c)(1), and is subject to the limitations periods set forth in paragraphs (c) and (d) of Rule 4007. Since Section 523(a)(2) and (a)(4) debts are excepted from a full compliance discharge, a creditor owed such a debt must file an adversary complaint within the time specified in Rule 4007(c), or the opportunity to have the debt determined nondischargeable is lost. Not so with respect to Section 523(a)(6) debts.

Where a debtor is proceeding toward a full compliance discharge, that would by definition discharge a Section 523(a)(6) debt, there is no reason to litigate the issue of

6

whether the debt is, in fact, one for a willful and malicious injury. Whether it is or isn't doesn't matter, since it will be discharged either way if the debtor receives a full compliance discharge. Only if the debtor subsequently moves for a hardship discharge, which would not discharge a debt for a willful and malicious injury, would it matter. This principle is embodied in Rule 4007(d), which provides that when a debtor files a motion for hardship discharge, the court shall fix a deadline for creditors to file complaints under Section 523(a)(6) and provide notice of the deadline to all creditors.

The DEBTOR has not moved for a hardship discharge. Yet AMBASSADORS nevertheless included a Section 523(a)(6) count in its complaint, a count that it argues may not be dismissed for untimeliness. At this point in the case, however, since the DEBTOR is proceeding toward a full compliance discharge, the question of whether her debt to AMBASSADORS arose out of willful and malicious conduct is premature because determination of that issue doesn't matter. So the Section 523(a)(6) count is problematic not because it is too late, but because it is too early.[6]

Article III of the Constitution limits the jurisdiction of federal courts to actual cases or controversies. U.S. Const. Art. III, § 2, cl. 1. Ripeness is one of the justiciability doctrines designed to assess whether an actual case or controversy exists. *Allen v. Wright,* 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or may not occur at all. *Texas v. U.S.,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998). Where a case is not

---

[6] AMBASSADORS argues that because the Court has not set a deadline, pursuant to Rule 4007(d), for complaints under Section 523(a)(6), the timeliness of that count cannot be a basis for its dismissal. Whether a claim is ripe for determination from a jurisdictional standpoint, however, is entirely separate from the issue of whether the claim is time barred.

7

yet ripe for purposes of Article III, it must be dismissed for lack of subject matter jurisdiction. *Biddison v. City of Chicago,* 921 F.2d 724, 726 (7th Cir. 1991).

A distinction is sometimes drawn between constitutional ripeness and prudential ripeness. *See In re Coleman,* --- F.3d ----, 2009 WL 764564 (9th Cir. 2009). While constitutional ripeness contemplates a presently existing dispute, prudential ripeness has been characterized as a judicially created tool for avoiding decisions in cases that lack an optimal factual setting. *Biddison,* 921 F.2d at 726 n.2. Whether a Section 523(a)(6) claim in a Chapter 13 case is ripe for decision is a question of constitutional ripeness since resolution of the issue has no meaningful effect until and unless the debtor moves for a hardship discharge, a contingency that occurs in only a small percentage of Chapter 13 cases.

The DEBTOR has not moved and may never move for a hardship discharge. Whether her debt to AMBASSADORS is within the ambit of Section 523(a)(6), is a nonissue if she completes her plan and receives a full compliance discharge. It will only become material if she moves for a hardship discharge.[7] Until then, the issue is not ripe. Accordingly, the claim asserted under Section 523(a)(6) must be dismissed for lack of subject matter jurisdiction. AMBASSADORS having conceded that its claims under Sections 523(a)(2) and (a)(4) are untimely, the entire complaint should be dismissed.

Given this result, there is no need to consider AMBASSADORS' argument that the Section 523(a)(2) and (a)(4) claims, even though untimely, should remain pending to be considered with the claim under Section 523(a)(6). The dismissal of the Section 523(a)(6) claim renders that argument moot.

---

[7] Rule 4007(d) supports this conclusion by providing that the time for filing a Section 523(a)(6) complaint does not begin to run until after a motion for hardship discharge is filed.

This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###